United States District Court
Southern District of Texas
FILED

MAY 09 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
May 09, 2022
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| ABELARDO SANCHEZ-HERNANDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-CV-0108 |
| | § | |
| J.E. "EDDIE" GUERRA, Sherriff, Hidalgo | § | |
| County Adult Detention Center, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION

Petitioner ABELARDO SANCHEZ-HERNANDEZ is a state pretrial detainee at the Hidalgo County Adult Detention Center in Edinburg, Texas (the "Detention Center"). Pending is his pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition") (Dkt. No. 1). Petitioner raises an immigration-related claim and a claim that he is entitled to release on bond.

This case was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After a review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Petition (Dkt. No. 1) be summarily DENIED insofar as the claims are unexhausted, non-cognizable, or otherwise meritless or the court lacks subject matter jurisdiction. Accordingly, the Magistrate Judge further RECOMMENDS that this civil action be DISMISSED.

## I. BACKGROUND

Petitioner was arrested for the Texas state felony charge of indecency with a child involving sexual contact.[1] On July 20, 2021, Petitioner was booked in Hidalgo County and a $50,000 cash or surety bond was set. Around this time, U.S. Immigration and Customs

---

[1] Petitioner's booking number (i.e., G-925-21) can be used to query Hidalgo County jail records through the Hidalgo County Record Inquiry, available at https://pa.co.hidalgo.tx.us/JailingSearch.aspx?ID=400 (last visited May 5, 2022).

Enforcement notified state officials that Petitioner was subject to an immigration detainer. (*See* Dkt. No. 1 at 2). Unable to make bond, Petitioner is being held at the Detention Center, where he is awaiting further proceedings—such as potential indictment. (*See id.* at 6). He mailed the Petition to this Court in March 2022. (*See id.* at 8).

## II. GROUNDS FOR RELIEF

Petitioner raises two claims for relief.[2] First, Petitioner challenges the detainer on the grounds that he is a United States citizen. (Dkt. No. 1 at 6.). Second, Petitioner complains that he was not afforded a personal recognizance bond of less than $10,000. (*Id.*).

## III. LEGAL STANDARD

Section 2241 grants federal courts the authority to hear applications for habeas corpus by any prisoner who claims to be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3); *Rasul v. Bush*, 542 U.S. 466, 473 (2004). The statute governs habeas petitions brought by state pretrial detainees. *Martinez v. Caldwell*, 644 F.3d 238, 242 (5th Cir. 2011). Claims by state pretrial detainees that are based purely on state law, however, are not cognizable on federal habeas review. *Brown v. Morris*, 231 F. App'x 312, 313 (5th Cir. 2007) (per curiam) (citing *Stringer v. Williams*, 161 F.3d 259, 263 (5th Cir. 1998)).

Pretrial habeas relief is available under § 2241 to a prisoner "regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [them]." *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987). A pretrial detainee, however, must first exhaust available state remedies. *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). State court remedies will not be deemed to have been exhausted if a detainee has the right under state law to

---

[2] Because Petitioner is proceeding pro se, his pleadings are to be construed liberally. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2009).

raise the question presented by any available procedure. 28 U.S.C. § 2254(c). Exhaustion requires that "a petitioner . . . fairly present all of [their] claims to the state's highest court." *Sheppard v. Duke*, 2011 WL 1196057, at *2 (N.D. Tex. Mar. 28, 2011) (citing *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993)). In Texas, the highest court having criminal jurisdiction is the Texas Court of Criminal Appeals (the "TCCA"). *Bautista v. McCotter*, 793 F.2d 109, 109 (5th Cir.1986).

The exhaustion requirement is subject to exception only where the available remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action. *Montano*, 867 F.3d at 542-43 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)) (quotations omitted).

A petition under § 2241 may be denied without a hearing if the record conclusively shows that the petitioner is not entitled to relief. *See Jacobs v. Miles*, 104 F. App'x 431, 432 (5th Cir. 2004) (per curiam) (citing *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). Conclusory or speculative allegations do not require an evidentiary hearing. *See United States v. Edwards*, 442 F.3d 258, 264 & 268 n.10 (5th Cir. 2006). Nor will such allegations give rise to a constitutional issue and thus a right to collateral relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)).

## IV. ANALYSIS

Each of Petitioner's claims for relief are unexhausted and either non-cognizable, meritless, or subject to dismissal for lack of subject matter jurisdiction. Failure to exhaust will be discussed first. The substantive and jurisdictional merits of each claim will then be discussed.

### A. Failure to Exhaust State Remedies

As discussed, a pretrial detainee seeking relief under § 2241 must first exhaust all available state law remedies. *Montano*, 867 F.3d at 542-43. In Texas, a pretrial detainee may seek relief

from the state courts by filing a petition for writ of habeas corpus. *See Patterson v. Brown*, 2021 WL 4994446, at *2 (N.D. Tex. Sept. 19, 2021), *report and recommendation adopted sub nom.*, *Patterson v. Thompson*, 2021 WL 4991513 (N.D. Tex. Oct. 26, 2021). "Before indictment [is] found, the writ may be made returnable to any county in [Texas]." TEX. CODE. CRIM. PROC. art. 11.06.  After indictment, a detainee confined on a felony charge may apply "to the judge of the court in which [they are] indicted" or, if there is no such judge, to the judge of the trial court nearest to the county of detention. TEX. CODE CRIM. PROC. art. 11.08. If the trial court denies the petition, the detainee may appeal to the applicable intermediate appellate court—here, the Thirteenth Court of Appeals[3]—and then fully exhaust the claim by appealing to the TCCA. *See Patterson*, 2021 WL 4994446, at *2 (citing *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986)).

Petitioner does not appear to have utilized these remedies.  While Petitioner claims to have raised the issues he raises now through grievances filed at the Detention Center (Dkt. No. 1 at 2), there is no indication that these grievances have been addressed.  Indeed, based on an online records search, Petitioner does not appear to have filed a state habeas petition with any court.[4] Accordingly, Petitioner's claims are presumably unexhausted, and Petitioner does not argue that state law remedies are unavailable or inappropriate or that exhaustion would be futile such to excuse the exhaustion requirement. *See Montano*, 867 F.3d at 542-43.

---

[3] *See* TEX. GOV'T CODE §§ 22.201(n), 22.214.

[4] A query of the Hidalgo County Records Inquiry using Petitioner's name does not reflect the filing of a state habeas petition in any of the Hidalgo County trial courts.  Nor does a query of the online records of the Thirteenth Court of Appeals (available at https://www.txcourts.gov/13thcoa/ (last visited May 5, 2022)) and the TCCA (available at https://www.txcourts.gov/cca/ (last visited May 5, 2022)) reflect that Petitioner has requested appellate review of the denial of any state habeas petition.

For these reasons, the Magistrate Judge concludes that Petitioner's claims—to the extent they are cognizable or subject to the court's jurisdiction—are unexhausted and should be denied.[5]

**B. Claims**

Regardless of Petitioner's failure to exhaust, each of his two claims are subject to denial, whether because they are non-cognizable, meritless, or the court lacks subject matter jurisdiction.

1. Bond

Petitioner challenges the refusal, presumably by a state judge, to grant him a personal recognizance bond of less than $10,000.  (Dkt. No. 1 at 6).  Petitioner maintains that applicable state law entitles him to such a bond.  (*Id.*).  However, to the extent that Petitioner's claim rests on provisions of state law, it is non-cognizable.  *See Brown*, 231 F. App'x at 313.

Insofar as Petitioner's claim is based on provisions of the Constitution or federal law, the claim is without merit.  "A prohibition against excessive bail exists even though there is no absolute constitutional right to bail."  *Fields v. Sheriff's Off. Avoyelles Par.*, 2021 WL 2372380, *3 (W.D. La. May 21, 2021) (citing *Broussard v. Par. of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003)), *report and recommendation adopted*, 2021 WL 2366176 (W.D. La. June 9, 2021).  Indeed, bail set at a figure higher than an amount reasonably calculated to ensure the defendant's presence at trial is "excessive" under the Eighth Amendment.  *Broussard*, 318 F.3d at 650 (citing *Stack v. Boyle*, 342 U.S. 1, 5 (1951)).  A conclusory or otherwise unsupported claim of excessive bail, however, is insufficient to make this showing.  *See Fields*, 2021 WL 2372380, at *3.

---

[5] Although district courts may raise the failure to exhaust sua sponte, they "should not do so lightly." *Mathis v. United States*, 2006 WL 2844174, at *5 n.3 (S.D. Tex. Sept. 29, 2006) (quoting *Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006)). In raising other procedural defenses, the Fifth Circuit has counseled district courts to consider, inter alia, whether the petitioner had notice that the district court was going to raise the defense sua sponte and had an opportunity to respond. *Prieto*, 456 F.3d at 518. A magistrate judge's report and recommendation is sufficient for such purposes where the report (i) sets out the procedural defense as to a particular claim and (ii) gives the petitioner an opportunity to submit objections for the district court's consideration. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

"Texas courts have imposed or confirmed high money bail despite evidence of inability to pay the amount needed for pretrial release." *O'Donnell v. Harris Cnty., Tex.*, 251 F. Supp. 3d 1052, 1076-77 (S.D. Tex. 2017) (collecting cases), *aff'd in part, rev'd in part on other grounds, and remanded*, 892 F.3d 147 (5th Cir. 2018). By way of example, in *Ex parte Garcia*, 100 S.W.3 243 (Tex. App.—San Antonio Jan. 10, 2001, no pet.), a Texas appellate court upheld a $50,000 bond on a defendant charged with the same offense as Petitioner, indecency with a child involving sexual contact, which carries a sentence of two to twenty years' imprisonment, TEX. PENAL CODE §§ 12.33 & 21.11(a)(1), (d). Absent any specific argument as to why a $50,000 bond is excessive in his case, Petitioner fails to show that he is entitled to personal recognizance.

For these reasons, the Magistrate Judge concludes that Petitioner's bond claim is non-cognizable and otherwise meritless.[6]

2. Immigration Detainer

Petitioner challenges the immigration detainer on the grounds that he is a United States citizen. (Dkt. No. 1 at 6). An immigration detainer is "an informal procedure in which [immigration officials] inform[ ] prison officials that a person is subject to deportation and requests that [prison] officials give [immigration officials] notice of the person's death, impending release, or transfer to another institution." *Zolicoffer v. U.S. Dep't of Justice*, 315 F.3d 538, 540 (5th Cir. 2003) (per curiam) (quoting *Giddings v. Chandler*, 979 F.2d 1104, 1105 n.3 (5th Cir. 1992)) (quotations omitted).

---

[6] In making his bond claim, Petitioner mentions that the "state is not ready for trial." (Dkt. No. 1 at 6). While the Speedy Trial Clause of the Sixth Amendment may be invoked by state pretrial detainees under § 2241, *see Sheppard*, 2021 WL 1196057, at *1-2, the Magistrate Judge does not understand Petitioner to raise a speedy trial claim through this passing reference. Petitioner has been in pretrial detention for around nine months, but a criminal defendant is not presumed to have been prejudiced by any pre-trial delay until such delay exceeds one year. *See United States v. Cardona*, 302 F.3d 494, 497 (5th Cir. 2002) (per curiam). Moreover, Petitioner does not claim extreme prejudice or willful delay by prosecutors such as to trigger further scrutiny. *See Cowart v. Hargett*, 16 F.3d 642, 647 (5th Cir. 1994).

Subject matter jurisdiction is lacking over this claim.  "Absent custody *by the authority against whom relief is sought*, jurisdiction usually will not lie to grant the requested writ." *Romo-Briones v. Ridge*, 2004 WL 2645553, at \*5 (N.D. Tex. Nov. 18, 2004) (quoting *Prieto v. Gluch*, 913 F.2d 1159, 1162-63 (6th Cir. 1990)) (emphasis added), *report and recommendation adopted sub nom.*, *Salas-Veloz v. Ridge*, 2004 WL 2988541 (N.D. Tex. Dec. 22, 2004).  Indeed, "habeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976).

Here, Petitioner is not in immigration custody but, rather, is in state custody awaiting further proceedings on an offense unrelated to his immigration status. *See Salazar Zavala v. Davis*, 2018 WL 4906317, at \*2 (S.D. Tex. Aug. 20, 2018) (Alanis, M.J.) (recommending dismissal of a § 2241 petition where the petitioner was in state custody and "not presently in custody on any immigration charges"), *report and recommendation adopted sub nom.*, *Zavala v. Davis*, 2018 WL 4901073 (S.D. Tex. Oct. 9, 2018) (Crane, J.). To be clear, an immigration detainer does not render Petitioner in immigration custody for § 2241 purposes. *See Zolicoffer*, 315 F.3d at 540 (collecting cases).  As noted, an immigration detainer merely informs officials that a detainee is subject to deportation and requests notice of matters such as the detainee's impending release or transfer.

For these reasons, the Magistrate Judge concludes that Petitioner's immigration detainer claim should be rejected for lack of subject matter jurisdiction.

## V. CONCLUSION

### *Recommended Disposition*

After a review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Petition (Dkt. No. 1) be summarily DENIED insofar as the claims are unexhausted, non-

cognizable, or otherwise meritless or the court lacks subject matter jurisdiction.  Accordingly, the Magistrate Judge further RECOMMENDS that this civil action be DISMISSED.

### Notice to Petitioner

Within fourteen days after being served a copy of this report, Petitioner may serve and file specific, written objections to the proposed recommendations.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Failure to file written objections within fourteen days after service shall bar Petitioner from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### Directive to Clerk of Court

The Clerk of Court is DIRECTED to forward a copy of this report to Petitioner by any receipted means.

DONE at McAllen, Texas this 9th day of May 2022.

J. SCOTT HACKER
United States Magistrate Judge